IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| MELODY MCGINNIS, | ) | |
|       Plaintiff, | ) | No. C 04-1048 EJM |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JO ANN B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
|       Defendant. | ) | |

This matter is before the court on plaintiff's Application for Judicial Review of a final decision of the Commissioner of Social Security. Briefing concluded on July 8, 2005. Reversed and remanded for payment of benefits.

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security supplemental security income benefits. The court has jurisdiction pursuant to 42 USC §405(g).

Plaintiff alleges disability due to physical limitations and limited intellectual functioning. She contends that the Administrative Law Judge (ALJ) erred in failing to recuse himself, erred in relying upon older intelligence tests and the testimony of a non-examining psychologist rather than relying upon current tests and the opinion of an examining psychologist, and erred in relying upon vocational expert testimony that is contrary to the Dictionary of Occupational Titles. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

Upon review, it is the court's view that the Commissioner did not give appropriate weight to the comprehensive and thorough review of examining consultant Dr. Kent, the only opinion from an examining source. See T. 294-299, 347-353. When Dr. Kent's views are afforded appropriate weight on this record as a whole, vocational expert testimony establishes that plaintiff is unable to engage in substantial gainful activity, day in and day out, in the "sometimes competitive and stressful conditions in which real people work in the real world." McCoy v. Schweiker, 683 F2d 1138, 1147 (8th Cir. 1982) (en banc).

Due to the court's disposition of this matter, the court need not address plaintiff's remaining claims.

It is therefore

ORDERED

Reversed and remanded for payment of benefits.

September 22, 2005.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

2